## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GUANGZHOU ZHONGBANG TRADING LIMITED COMPANY, a corporation organized under the laws of the People's Republic of China,<br><br>       Plaintiff,<br><br>v.<br><br>FKA Distributing Co., LLC (d/b/a HoMedics, LLC), a Michigan Domestic Limited Liability Company,<br><br>       Defendant. | Case No.1:26-cv-7554<br><br><br>COMPLAINT FOR:<br><br>  (1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,407,826.<br>  (2) DECLARATORY JUDGMENT OF NO RIGHTS UNDER U.S. PATENT NO. 8,407,826.<br>  (3) TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE; AND<br>  (4) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a).<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff GUANGZHOU ZHONGBANG TRADING LIMITED COMPANY ("Plaintiff") brings this action against Defendant FKA Distributing Co., LLC ("Defendant"), and allege as follows:

### NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement of U.S. Patent No. 8,407,826 B2 (the "'826 Patent"), titled "Bath Apparatus," issued on April 2, 2013, to inventors Mordechai Lev, Roman S. Ferber, and Stephen Chung, with HoMedics, LLC and FKA Distributing Co. LLC listed as current assignees. Plaintiff seeks a declaration that its Model BE-

F1200Pro, BE-F1200ProRC and BE-F2200ProRC (ASIN: B0FJ19PW1H, B0DGL27RX2, B0FJQKQQF5, B0DGKXC4S3, B0G6ZLLGP4, and B0G6ZS65V9) Foot Bath Massager (the "Accused Product") does not infringe any valid and enforceable claim of the '826 Patent, either literally or under the doctrine of equivalents.

2.     Plaintiff sells foot spas and bath apparatuses to consumers in the United States through Amazon.com. Defendant has caused Amazon to remove Plaintiff's listings by submitting infringement reports under U.S. Patent No. 8,407,826 (the "'826 Patent"). Plaintiff's products do not infringe the '826 Patent. On information and belief, Defendant does not hold exclusive enforcement rights or otherwise lacks the proper basis to enforce the '826 Patent against Plaintiff's non-infringing products in this manner.

3.     Defendant has asserted and threatened enforcement of the '826 Patent against Plaintiff in connection with the Accused Product's importation and sale on U.S. e-commerce platforms, including through Amazon's Intellectual Property complaint process ("APEX"). Defendant's assertions have caused Plaintiff a concrete, substantial, and immediate injury by causing product listings to be suspended, disrupting Plaintiff's business, and chilling its lawful commercial activities.

### THE PARTIES

4.     Plaintiff GUANGZHOU ZHONGBANG TRADING LIMITED COMPANY is a company organized and existing under the laws of the People's Republic of China, with its principal place of business in Guangzhou, Guangdong Province, China. Plaintiff manufactures and sells the Accused Product, including the Model BE-F1200Pro, BE-F1200ProRC and BE-F2200ProRC (ASIN: B0FJ19PW1H, B0DGL27RX2, B0FJQKQQF5, B0DGKXC4S3,

B0G6ZLLGP4, and B0G6ZS65V9) foot bath massager, and distributes it in the United States, including through Amazon.com.

5.      On information and belief, Defendant FKA Distributing Co., LLC is a Michigan limited liability company with a registered office at 3000 N. Pontiac Trail, Commerce Township, MI 48390, United States. Defendant operates an Amazon.com storefront under the seller name "HoMedics USA" and the brand "Homedics".

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1367(a), and under 15 U.S.C. § 1121.

7.      An actual case or controversy exists between Plaintiff and Defendant. Defendant has accused Plaintiff of infringing the '826 Patent through reports submitted to Amazon.com that have caused Amazon to remove Plaintiff's listings. Defendant has not withdrawn the reports and have not provided Plaintiff with a covenant not to sue.

8.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has purposefully directed its patent enforcement activities, including the filing of infringement complaints through Amazon's APEX process, at Plaintiff's products sold and warehoused in Illinois, and Defendant has conducted substantial business activities directed at consumers within this District.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). A substantial part of the events giving rise to the claims occurred in this District. Defendant's

business operations and prior patent enforcement activities related to the '826 Patent are centered in this District.

**FACTUAL ALLEGATIONS**

### A. The '826 Patent

10. The '826 Patent, titled "Bath Apparatus," was filed on March 18, 2005 (Application No. 11/084,302), published as US 2005/0235411 A1 on October 27, 2005, and issued on April 2, 2013. Due to USPTO examination delays, the patent received a Patent Term Adjustment of 1,659 days. The adjusted expiration date is October 2, 2029.

11. The '826 Patent contains three independent claims: Claim 1 (from which Claims 2–17 depend), Claim 18, and Claim 19. Each independent claim requires, as an essential element, a "therapy attachment" that is: (a) removably received on the bottom surface of a tub; (b) driven by the motor to impart rotary motion to the therapy attachment; and (c) contacted by the user's foot to provide massage. Claim 19 additionally requires a "hood" connected to the side walls and arching over the tub, the hood defining a hollow interior sized to receive and store the therapy attachments when not in use.

12. The specification describes the "therapy attachment" (depicted at reference numerals 34, 36, and 37) as a discrete, user-exchangeable functional head, which is removably fitted onto a gear shaft that extends upward through an opening in the bottom surface of the tub. The motor drives this shaft via a gear train, causing the therapy attachment to rotate and contact the user's foot.

### B. Plaintiff's Accused Product (Model BE-F1200Pro, BE-F1200ProRC and BE-F2200ProRC)

13.     Plaintiff's Model BE-F1200Pro, BE-F1200ProRC and BE-F2200ProRC are foot bath massagers manufactured by Ningbo Yonglin Supply Chain Management Co., Ltd in Ningbo, China. The engineering Bill of Materials (BOM) and exploded-view assembly drawing for the Models identify the following relevant components: motor (#19), motor-shaft gear (POM, #18), intermediate gear (POM, #20), gear turntable covers (#09, PP), gear turntable bases (#12, POM), gear-turntable locking clips (#13, PP), gear cover plate (#11, PP), massage beads (24 white beads, #08, PP), and various TPR sealing components (wrap ring #05, overmold #06, end plug #21).

14.     The internal drive mechanism of the Accused Models consists of: the motor (#19) driving the motor-shaft gear (#18), which meshes with the intermediate gear (#20) to drive six gear turntable assemblies (composed of turntable cover #09 and turntable base #12). These gear turntable assemblies are internal drive components—the transmission mechanism—and are not the user-contact massage elements.

15.     The 24 massage beads (#08) rest within the turntable assemblies and are exposed through apertures in the gear cover plate (#11) to contact the user's feet. The beads are passive elements that rotate freely in response to contact forces from the user's feet and the motion of the turntable. They are not themselves driven by the motor to impart independent rotary motion within the meaning of the '826 Patent's claims.

16.     The gear cover plate (#11) and its locking clips (#13) are the components that can be removed by the user (e.g., for cleaning). However, this cover plate does not rotate—it is a stationary protective cover that shields the gear turntable assemblies. The cover plate does not satisfy the "therapy attachment" limitation because it is neither motor-driven to rotate nor designed to contact the user's foot during use.

17.     Critically, no single component of the Accused Models simultaneously satisfies all three elements of the "therapy attachment" limitation: (1) removably received on the tub's bottom surface, (2) driven by the motor to rotate, and (3) contacted by the user's foot to provide massage. The rotatable components (gear turntables #09/#12) are internal drive components that are not designed for user removal; the user-contactable elements (beads #08) are passive rolling elements not directly motor-driven; and the user-removable component (cover plate #11/#13) does not rotate.

18.     The Models are also foldable units featuring a touchscreen control panel and a warming lid (#25). They do not incorporate a "hood"—a cover connected to the tub's side walls that arches over the tub and defines a hollow interior for storing therapy attachments—as required by independent Claim 19 of the '826 Patent.

### C.  Defendant's Infringement Assertions

19.     Defendant has filed a patent infringement complaint against Plaintiff through Amazon's Neutral Patent Evaluation (APEX) program, asserting that the Model BE-F1200Pro, BE-F1200ProRC and BE-F2200ProRC (ASIN: B0FJ19PW1H, B0DGL27RX2, B0FJQKQQF5, B0DGKXC4S3, B0G6ZLLGP4, and B0G6ZS65V9) infringe one or more claims of the '826 Patent. As a result of Defendant's assertion, Plaintiff's Amazon product listing has been suspended, causing direct and ongoing commercial harm.

20.     Plaintiff's marketing materials for the Model BE-F1200Pro, BE-F1200ProRC and BE-F2200ProRC (ASIN: B0FJ19PW1H, B0DGL27RX2, B0FJQKQQF5, B0DGKXC4S3, B0G6ZLLGP4, and B0G6ZS65V9) may reference "automatic rotary massage" and removable massage plates and beads. However, these marketing descriptions do not establish infringement; the actual mechanical structure of the product must be compared to the properly construed claim

limitations. See *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1305 (Fed. Cir. 1999) (claims are construed based on the patent document and its intrinsic record, not on product marketing language).

21.     Defendant's infringement assertions are unfounded. The Accused Models do not contain any element that constitutes a "therapy attachment" within the meaning of Claims 1, 18, or 19 of the '826 Patent, as those terms are properly construed in light of the specification and prosecution history. Therefore, Plaintiff is entitled to a declaratory judgment of non-infringement.

## LEGAL STANDARDS

22.     Patent infringement analysis requires two steps: (1) construction of the asserted claim's limitations, and (2) comparison of the properly construed claims to the accused product. See *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384–85 (1996); *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc).

23.     To establish literal infringement, every limitation of a properly construed claim must be found in the accused product. See *Lemelson v. United States*, 752 F.2d 1538, 1551 (Fed. Cir. 1985). The absence of even a single claim limitation precludes a finding of literal infringement. See *Litton Sys., Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1454 (Fed. Cir. 1998).

24.     Under the doctrine of equivalents, infringement may be found if an accused product performs substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed limitation. See *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39–40 (1997). However, the doctrine of equivalents is limited by prosecution history estoppel: where an applicant narrows a claim during prosecution to overcome

prior art, the applicant surrenders equivalents of the surrendered subject matter. See *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 737 (2002).

25.     Claim construction begins with the claim language itself, informed by the specification and the prosecution history. See *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314–17 (Fed. Cir. 2005) (en banc). Terms are given their ordinary and customary meaning as understood by a person of ordinary skill in the art at the time of the invention, read in light of the intrinsic record. Id.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,407,826B2

26.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

27.     An actual controversy exists between Plaintiff and Defendant regarding whether the Model BE-F1200Pro, BE-F1200ProRC and BE-F2200ProRC (ASIN: B0FJ19PW1H, B0DGL27RX2, B0FJQKQQF5, B0DGKXC4S3, B0G6ZLLGP4, and B0G6ZS65V9) infringe any valid and enforceable claim of the '826 Patent. Defendant asserted infringement through the Amazon APEX process, causing concrete and immediate harm to Plaintiff's business. This controversy is of sufficient immediacy and reality to warrant declaratory relief.

28.     The Accused Models do not literally infringe Claims 1, 2–17, 18, or 19 of the '826 Patent, for at least the following reasons:

(a)     As to Claims 1–17 (Independent Claim 1): The Model BE-F1200Pro, BE-F1200ProRC and BE-F2200ProRC (ASIN: B0FJ19PW1H, B0DGL27RX2, B0FJQKQQF5, B0DGKXC4S3, B0G6ZLLGP4, and B0G6ZS65V9) do not contain a

"therapy attachment" that is simultaneously (i) removably received on the bottom surface of the tub, (ii) driven by the motor to impart rotary motion, and (iii) contacted by the user's foot to provide massage. The three functions required to be performed by a single "therapy attachment" are distributed among three separate, structurally distinct components in the Accused Models: the rotating gear turntable assemblies (#09/#12, internal drive components); the massage beads (#08, passive contact elements); and the removable cover plate (#11/#13, non-rotating protective shield). No single component performs all three functions and thus Claim 1 is not met.

(b) As to Claim 19: In addition to the non-infringement basis stated in paragraph (a) above, the Accused Models do not include a "hood" connected to the side walls of the tub, arching over the tub, and defining a hollow interior for receiving and storing therapy attachments. The Accused Models are foldable designs with warming lids (#25) and touchscreen console, neither of which constitutes a "hood" in the sense required by Claim 19. This limitation is absent as a matter of structure, and its absence is clear on the face of the product.

(c) As to Claim 18: The Accused Models do not contain a "therapy attachment" as described above. Additionally, to the extent Claim 18 requires a seal configured to prevent leakage around a shaft extending through the bottom surface of the tub (consistent with the specification's disclosure of shaft seal 70), the Accused Models' waterproofing is achieved through an integrated sealed module design in which the motor and gear components are housed in a dry compartment without any shaft penetrating the tub floor, and thus the specific seal limitation of Claim 18 is not met.

29. The Accused Models do not infringe any claim of the '826 Patent under the doctrine of equivalents. First, with respect to the "therapy attachment" limitation, the three-part separation of functions in the Accused Models between the drive components, the contact elements, and the removable cover is not insubstantially different from the '826 Patent's requirement of a single, unitary, removable, motor-driven therapy attachment. Allowing equivalents to capture such a separated structure would effectively read out the "removably received" and "imparting rotary motion to the therapy attachment" limitations from the claim. See *Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 1562 (Fed. Cir. 1991) (doctrine of equivalents may not be used to eliminate an entire claim limitation). Second, prosecution history estoppel bars any assertion of equivalents for subject matter surrendered during prosecution to overcome prior art rejections, including limitations regarding the removability and rotational drive of the therapy attachment. *See Festo*, 535 U.S. at 734–37.

30. Accordingly, Plaintiff is entitled to a declaration that the Model BE-F1200Pro, BE-F1200ProRC and BE-F2200ProRC (ASIN: B0FJ19PW1H, B0DGL27RX2, B0FJQKQQF5, B0DGKXC4S3, B0G6ZLLGP4, and B0G6ZS65V9) do not infringe, directly or indirectly, any valid and enforceable claim of the '826 Patent, either literally or under the doctrine of equivalents.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. A declaration that the Model BE-F1200Pro, BE-F1200ProRC and BE-F2200ProRC (ASIN: B0FJ19PW1H, B0DGL27RX2, B0FJQKQQF5, B0DGKXC4S3, B0G6ZLLGP4, and B0G6ZS65V9) do not infringe, and has not infringed, any valid and

enforceable claim of U.S. Patent No. 8,407,826 B2, either literally or under the doctrine of equivalents;

B.      A permanent injunction restraining Defendant and its officers, agents, and employees from asserting or threatening to assert the '826 Patent against Plaintiff's importation, marketing, distribution, offer for sale, or sale of the Model BE-F1200Pro, BE-F1200ProRC and BE-F2200ProRC (ASIN: B0FJ19PW1H, B0DGL27RX2, B0FJQKQQF5, B0DGKXC4S3, B0G6ZLLGP4, and B0G6ZS65V9), including through Amazon's APEX process or any similar program;

C.      A finding that this is an exceptional case under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees and costs;

D.      An award of Plaintiff's costs of suit; and

E.      Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: June 29, 2026                                    Respectfully Submitted

By: /s/ _Marjorie Ouyang_____
Marjorie Ouyang
**Valley & Summit Law**
One Park Plaza, #600
Irvine, CA 92614

*Attorney for Plaintiff*
*GUANGZHOU ZHONGBANG*
*TRADING LIMITED COMPANY*